# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK L. GUMAN,

        Plaintiff,

v.                                                     Case No. 09-CV-106

MICHAEL BAILEY,

        Defendant.

## DECISION AND ORDER

The plaintiff, Mark Guman, who is incarcerated at Fox Lake Correctional Institution (FLCI), filed a *pro* se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on several motions filed by the plaintiff and for screening of the plaintiff's complaint.

### PLAINTIFF'S MOTION FOR ORDER REGARDING FILING FEE

The plaintiff has filed a motion for an order directing the Wisconsin Department of Corrections (DOC) to pay the balance of the filing fee due for this case from funds held in the plaintiff's prison release account.[1] The plaintiff represents that he has a balance in his prison release account that is greater than the remainder of the filing fee for this action.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing

---

[1] As a result of the plaintiff's motion, the court terminated the plaintiff's earlier motion for leave to proceed *in forma pauperis*.

fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account activity statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $20.11.

The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The "Trust Account Activity Statement" provided to the court reflects both the inmate's regular and release accounts. "Trust account" is an umbrella term used by the institutions that means both accounts.

In *Doty v. Doyle*, 182 F. Supp. 2d 750, 751-52 (E.D. Wis. 2002), the court stated:

> The courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, both the . . . Wisconsin PLRA . . . and the . . . federal PLRA . . . authorize the courts to order that the money in a prisoner's release be made available for that purpose. *Spence v. Cooke*, 222 Wis. 2d 530, 537 (Ct. App. 1998); *Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999). (All
2

> the same, in deference to the Wisconsin public policy behind release accounts, judges of this district do not routinely look to prisoners' release accounts when they assess initial partial filing fees under the federal PLRA, *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001), although they will do so upon request from the prisoner, as in *Spence v. McCaughtry*.)

The court will honor the plaintiff's request to use funds from his release account and order that $329.89 be deducted from the plaintiff's release account to pay the remainder of the filing fee for this case.

## SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a

3

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

4

The plaintiff's sworn complaint arises out of an incident that occurred on March 17, 2008. CO II Walker asked the defendant to move the "Gator" and park it in the passive recreation area so that the inmate workers could get close to the doors to move bunk beds.[2] (Complaint at ¶ 11). The plaintiff avers that the defendant "was visually as well as verbally upset and angry that he had to move the Gator. Defendant Bailey then threw his tools hard to the ground and shouted out to CO II Walker, 'YOU MOVE IT!'" (Complaint at ¶ 12) (emphasis in original). The plaintiff further avers:

> After defendant Bailey had shouted at CO II Walker to move the Gator himself, CO II Walker, who had continued walking towards the HU5 doors along with inmate Davidson, upon information and belief, stated to defendant Bailey, 'I would move it if I was driving it.'
>
> ...
>
> CO II Walker and inmate Davidson continued walking and entered HU5, whereas the plaintiff had stopped walking approximately halfway down the HU5 driveway. Plaintiff had stopped walking so he could help guide inmate Bueno backwards down the HU5 driveway and to alert him when he was getting close to the building so that he would not run into it.
>
> The plaintiff now had turned from looking towards HU5 to looking towards the tractor and trailer. The plaintiff observed and heard inmate Rucker making gestures with his arms and hands and informing inmate Bueno to turn

---

[2] The defendant is employed at Fox Lake Correctional Institution as an electrician or electronics technician. He is responsible for installing, repairing and maintaining any and all electronic and electrical devices and equipment. He is employed by the Wisconsin Department of Corrections and is sued in his individual capacity. The plaintiff alleges that Bailey was acting under the color of state law when the accident occurred because it happened during the course of his employment with the WDOC.

5

> the wheels this way and that way in order for the tractor and trailer to back straight down the HU5 driveway.
>
> Shortly thereafter, the plaintiff was struck by the John Deere 4 x 2 Gator which was driven by defendant Michael Bailey.
>
> The plaintiff has no recollection of initially getting struck by the Gator.

(Complaint at ¶¶ 13, 15-18).

The plaintiff avers that the Gator was traveling in reverse at an estimated speed of fifteen to twenty miles per hour, and Bailey was not looking where he was going. (Complaint at ¶¶ 19-20). The Gator traveled approximately nine feet from the time it struck the plaintiff until the plaintiff was thrown off of it. (Complaint at ¶ 21). "From the time the plaintiff was struck by the Gator until the time he was thrown off of it, he recalls seeing the ice, snow, pea gravel and concrete of the passive recreation area going by, and recalls vividly thinking to himself that the undercarriage of the Gator was very close to the ground. The plaintiff could see the rear passenger side wheel spinning rapidly and feared he would slip off the Gator and/or get run over by it causing the plaintiff to fear the worst, that terrible injuries would result, or worse, that he would die." (Complaint at ¶ 22). "Sometime shortly after the Gator was on the passive recreation area, the plaintiff was thrown from it." (Complaint at ¶ 23).

The plaintiff avers that "[w]ithin seconds after the reckless accident, defendant Bailey kneeled down next to the plaintiff and told him that he was very sorry, that it was an accident." (Complaint at ¶ 29).

The plaintiff received prompt medical treatment. He was tended to by FLCI Health Services Unit (HSU) employees and then transported by ambulance to Waupun Memorial Hospital, where he received additional treatment. The plaintiff followed up with HSU staff upon his return to FLCI.

The plaintiff alleges that the defendant's actions violated his Eighth Amendment right to be free from cruel and unusual punishment during a prison work assignment. He states:

> The plaintiff contends that defendant Bailey violated his Eighth Amendment right to be free from cruel and unusual punishment when he was assigned to work on a prison work assignment that was dangerous to his life and/or health because the work assignment put him in the close proximity of a disgruntled defendant Bailey whose mood and character exhibited and created an association with anger and danger.

(Complaint at ¶ 55).

The Eighth Amendment proscribes cruel and unusual punishment in cases of official conduct which is not part of the formal penalty for a crime if a plaintiff demonstrates: (1) a "sufficiently serious" deprivation and, (2) that officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Mechanical rules are not to be employed in determining whether an alleged

7

deprivation violates the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). However, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347).

Prison conditions cannot rise to the level of cruel and unusual punishment unless the conditions produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson*, 501 U.S. at 304. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all, must involve more than ordinary lack of due care for the prisoner's interest or safety . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.* at 299 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 [1986]). "Wantonness does not have a fixed meaning, but must be determined with 'due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.'" *Wilson*, 501 U.S. at 302 (quoting *Whitley*, 475 U.S. at 320).

The conduct the plaintiff complains of is the defendant's "reckless" use of the Gator that resulted in injury to the plaintiff. However, the facts presented by the plaintiff reveal only negligence, not deliberate indifference. Negligence is not actionable in suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996).

8

In this case, the plaintiff has pled himself out of court by saying too much. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)). A plaintiff can plead himself out of court by alleging facts which show that he has no viable claim, even though he was not required to allege those facts. *Jackson*, 66 F.3d at 153. "Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse." *Id. at* 153-54 (internal citations omitted).

The plaintiff acknowledges that the defendant was at his side within seconds, apologized and professed that hitting the plaintiff was an accident. (Complaint at ¶ 29). The plaintiff's complaint provides facts to indicate that the defendant was angry about having to move his vehicle and may have failed to exercise due care for the plaintiff's interest or safety while moving his vehicle. However, even given the plaintiff's complaint the liberal construction due to pro se pleadings, the plaintiff's allegations do not show obduracy and wantonness on the part of the defendant, or a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 299. Therefore, the court will dismiss the plaintiff's complaint for failure to state a claim.

## ADDITIONAL MOTION

The plaintiff has also filed a motion to appoint counsel and a motion asking the court's consent to allow the plaintiff's daughter, Danielle Guman to sign any filing relative to this case. The court's dismissal of the plaintiff's complaint for failure to state a claim renders both of these motions moot.

9

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for order directing the Wisconsin Department of Corrections to pay the balance of filing fees from the plaintiff's prison release account (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison release account the $329.89 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for consent to allow plaintiff's daughter to sign any filing relative to this case (Docket #6) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge