UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK L. GUMAN,

        Plaintiff,

        v.                                  Case No. 09-C-0106

MICHAEL BAILEY,

        Defendant.

**DECISION AND ORDER**

The plaintiff, Mark Guman, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro* se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a decision and order dated June 15, 2009, the court dismissed the plaintiff's complaint for failure to state a claim; judgment was entered the same day. The plaintiff then filed a motion for leave to file an amended complaint, which was denied. Now before the court is the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

When the plaintiff filed his motion in July 2009, a motion filed under Rule 59(e) had to be filed within ten days of entry of the judgment.[1] Although the judgment in this case was entered on June 15, 2009, the plaintiff filed a motion to amend the complaint within ten days of the judgment. He then filed this motion within ten days of the court's order on his motion to amend. In any event, whether

---

[1] On December 1, 2009, Rule 59(e) was amended to enlarge the time for a post-judgment motion to twenty-eight days.

a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Because the plaintiff bases his motion an errors of law, a basis encompassed by Rule 59(e), his motion will be considered under Rule 59(e). *See Obriecht*, 517 F.3d at 494.

Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

2

In his motion, the plaintiff advises the court that he has a pending John Doe proceeding in state court regarding the Dodge County District Attorney's decision not to prosecute the defendant for the traffic incident underlying the complaint in this matter. According to the plaintiff, he was waiting for a determination and order relative to his petition for a supervisory writ from the Wisconsin Court of Appeals in Appeal Number 2009AP000928. The plaintiff asked the court to hold this case in abeyance until the resolution of the petition for supervisory writ and any other proceedings that may take place in the state court. He believes that the defendant should have been charged with first or second degree recklessly endangering safety and that a conviction for a crime requiring a "reckless" state of mind would rise to the level of constitutional indifference, rather than negligence.

A review of the docket in the plaintiff's state court proceeding indicates that his petition for a supervisory writ was denied on October 7, 2009.[2] The plaintiff then filed a petition for review by the Wisconsin Supreme Court, which was denied on November 5, 2009. These decisions render the plaintiff's argument moot.

In the alternative, the plaintiff asks the court to change its dismissal with prejudice to a dismissal without prejudice so that he could bring this action again in state court. He wants to proceed on a state law negligence claim regarding the

---

[2] The court accessed the publicly available information regarding the plaintiff's state court action, Appeal Number 2009AP000928 through the Wisconsin Supreme Court and Court of Appeals Case Access System, http://wscca.wicourts.gov/index.xsl (Click "I Agree" to the terms and conditions; then input Appeal Number 2009AP000928 and click "Search"; select "Case History" for details).

3

events underlying his complaint. Such a change is neither appropriate nor necessary for him to bring a tort action in state court.

The plaintiff's complaint in this matter contained only an Eighth Amendment constitutional claim. That claim was appropriately dismissed with prejudice for failure to state a claim. The plaintiff may not bring another Eighth Amendment claim regarding this accident. Had the plaintiff presented a state law claim of negligence, the proper course of action for this court would have been to dismiss that claim without prejudice after dismissing the plaintiff's Eighth Amendment claim with prejudice. *See* 28 U.S.C. § 1367(c); *see also East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 564-65 (7th Cir. 2005). Here, however, the court did not have before it a proposed state law negligence claim. Consequently, the court did not dismiss a state law negligence claim, either with or without prejudice.

"Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cole v. Bd. of Trs. of the Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007) (quoting *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In Wisconsin, a subsequent claim is precluded when there is: (1) an identity of the parties or privies in the two suits; (2) an identity between the causes of action in both suits; and (3) a final judgment on the merits in the earlier action. *Pasko v. City of Milwaukee*, 643 N.W.2d 72, 78 (Wis. 2002). The plaintiff's failure to state a

4

constitutional claim in this case does not hinder his ability to bring a common law negligence tort action in state court because they are different causes of action.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #14) is **DENIED**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge